NO. 07-06-0009-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 4, 2006
_____

WILLIAM RIVAS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-04I-129; HON. ROLAND SAUL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Appellant, William Rivas, appeals from the trial court's adjudication of his guilt for aggravated assault with a deadly weapon by contending that his trial counsel was ineffective. Counsel was purportedly ineffective because he did not obtain two expert witnesses. The experts could have been used, he continues, at the hearing upon the State's motion to adjudicate guilt to show that he did not commit the crime resulting in the decision to adjudicate. For the reason stated below, we dismiss the appeal.

No appeal may be taken from the trial court's decision to adjudicate guilt. TEX. CODE CRIM. PROC. ANN. art. 42.12 §5(b) (Vernon Supp. 2005); *Hogans v. State,* 176 S.W.3d 829, 832 (Tex. Crim. App. 2005) (involving a claim of ineffective assistance). Given this rule, a defendant may not assert, on direct appeal, that his attorney denied him the effective assistance of counsel during the proceeding to adjudicate. *Hogans v. State,* 176 S.W.3d at 833. Here, appellant asserts that his attorney should have acquired two experts to prove that he did not commit the crime upon which the trial court founded its decision to adjudicate appellant's guilt. As posited, trial counsel's supposed ineffectiveness is offered as a way to attack the decision to adjudicate. And, because it is, we have no jurisdiction to review the matter.

Accordingly, we dismiss the appeal for want of jurisdiction.


Brian Quinn
Chief Justice


Do not publish.